Summers, J.
September 13, 1893, the Parry Manufacturing Company brought suit against William C. Reynolds, in the court of common pleas of Franklin county, Ohio, to recover $2,637.53, with interest from September 5th, 1893; it gave bond with Frank C. Volz and William A. Pope as sureties, and on the same day attached certain personal property of said Reynolds. On the 14th day of September, 1893, Reynolds made an as *310 signment, for the benefit of his creditors, to the plaintiff, Claypoole. The deed of assignment covered the property attached, but contained no words of general description, such as “all my property.” Reynolds filed his motion to discharge the attachment; the motion was overruled ; he prosecuted error to the circuit court; the court below was reversed and judgment rendered discharging the attachment. Meantime the plaintiff had obtained judgment in the court of common pleas, and the attached property had been sold. After the rendition of the judgment of the circuit court, the assignee demanded the proceeds, and upon refusal, brought suit in the court of common pleas on the attachment bond to recove^ damages.
The defendant Pope demurred;' the demurrer was overruled; he then answered. Subsequently leave was given him to withdraw his answer and to refile his demurrer, which he did, and thereupon the demurrer, as to the general ground, was sustained, and, the plaintiff not asking to plead further, judgment was entered dismissing the petition. Plaintiff excepted to the sustaining of the demurrer and the rendering of the judgment, and filed his petition in error in this court to reverse the judgment.
The question is, as we understand it, can the assignee in trust for the benefit of creditors, of attached personal property, maintain a suit on the attachment bond, after the attachment has been discharged, when the property has been sold in the action during the pendency of the proceeding to vacate ?
We think he can. The wrongful attachment did not before the sale divest the assignor of the ownership of the property, but of his possession ouly.
While the title of the property is still in him, he assigns it to another, who, upon the discharge of the attachment, no sale having been made, is entitled to the property, and the property having been sold by the order of the court, we think the bond stands in the place of the property, and that the assignee is entitled to the value of the property.
*311 ' Section 5563a provides that “ a party affected by an order discharging or refusing to discharge, an order of attactment, may file a petition in error, etc., “ and the original action shall proceed to trial and judgment in every respect, as though no petition in error had been prosecuted.”
Section 5555 provides, “ If judgment be rendered for the plaintiff, it shall be satisfied as follows: So much of the property remaining in the hands of the officer, after applying the money arising from the sale of perishable property, and so much of the personal property, * * * as may be necessary to satisfy the judgment, shall be sold by order of the court, * * * and the money arising therefrom * * * shall be applied to satisfy the judgment and costs, * * * and any surplus of the attached property, or its proceeds, shall be returned to the defendant.”
Either party may prosecute error to the order discharging or refusing to discharge the attachment. If the order is that the attachment shall be discharged, the attaching creditor, by filing a petition in error and giving an undertaking, may maintain the status quo of the property ; that is, its possession in the sheriff, and subject to the order of the court in which the action is pending.
On the other hand, if the order is that the attachment shall not be vacated, the owner is without remedy, if pending his proceedings in error the property is sold, unless he can recover on the bond. The legislative intent must have been that the bond should answer for the property; otherwise, the right to prosecute error would be vain. If the property has been sold, the owner has sustained damages by the wrongful attachment to at least the value of the property.
The assignment of title to the property carries with it the right to its value in the event it is sold under the wrongful attachment.
“It is an established doctrine that an equitable assignment of a specific fund, in the hands of a third person, creates an equitable property in such fund. If, therefore, A. has a specific *312 fund in the hands of JB., or, in other words, B., as a depositary or otherwise, holds a specific sum of money which he is bound to pay to A., and if A. agrees with C. that the money shall be paid to C., or assigns it to C., or gives to C. an order upon B., for the money, the agreement, assignment, or order creates an equitable interest or property in the fund in favor of the assignee, C., and it is unnecessary that B. should consent, or promise to hold it for, or to pay it to such assignee.” Pomeroy’s Eq. Juris., sec. 1280.
“And the assignee may not only recover the money from the original depositary, but may pursue it, or its proceeds, under any change of form as long as it can be certainly identified.”
Again: “The doctrine is universal, that any valid,’operative assignment of the debt, whether evidenced by a bond, note, or otherwise, is also an efficient assignment of the mortgage, and vests the assignee with all the equitable rights, interests, and remedies of the mortgagee. ■ Pomeroy, section 1210.
Again: “When chattels, which have been mortgaged, or assigned as security, are sold or exchanged by the owner, the lien upon the original articles will extend to the resulting fund or the substituted goods.” Pomeroy, section 1281.
Upon equitable principles, such as these, it was held in Alsdorf v. Reed, 45 Ohio St. 653, “ where, in proceedings in attachment, the process of garnishment is served upon one who is indebted to the defendant upon notes secured by mortgage, and judgment is rendered for the plaintiff, the notes and morgage■ are in legal effect assigned to the plaintiff, and he may maintain an action to foreclose the mortgage.”
And in Edwards v.Edwards, 24 Ohio St. 402, that “A judgment creditor, who seeks by action to subject to the payment of his judgment a claim for purchase-money due to the judgment debtor as vendor, is entitled to the enforcement of the. vendor’s lien, to the same extent it might have been enforced if the action had been by the vendor against the vendee.”
*313 In Slosson v. Ferguson, 31 Minn, 448, it was held: “In proceedings under the statute to secure a release of property from attachment by means of a bond to the plaintiff, a bond in favor of the plaintiff, specifically named as obligee, conditioned that if “said plaintiff recover judgment in said action,” etc., is a compliance with the statute providing for a bond to the plaintiff conditioned that “if the plaintiff recovers judgment in the action, etc.
“ A plaintiff to whom such a bond had been executed made an assignment, pursuant to statute, for the benefit of creditors. The assignee was substituted as plaintiff in the action, and recovered judgment. Held, that the obligors 'in the bond became liable to the assignee thereon.”
In its opinion the court say : “ But, while the obligation is in terms assumed only in favor of a particular person named, .it is to be construed in connection with the existing law, pursuant to which it is made, and with regard to the objects plainly sought to be accomplished by the bond executed in compliance with the statute. The object of the statutory bond was to provide a security which, as a substitute for the property attached, should be available to the plaintiff, upon the recovery of a judgment. * * * The statutory security, which took the place of the attached property, went along with the action as continuing security, notwithstanding the transfer of the cause of action and the consequent substitution of parties, by means of which the real party in interest was retained as plaintiff; such was the purpose of the statute, and as we must presume, of the parties who executed the bond, which we regard as strictly in accordance with the statute. The bond is, hence, to be construed as enuring to the benefit of the substituted plaintiff, although upon its face, and independent of other provisions of law, it imports only an obligation to Bell to become absolute only in the event of his recovery of a judgment in the action. ”
In McKee v. Judd, 12 N. Y. 622, the court held : “An assignment by a person of all his property and estate, transfers *314 a right of action existing in his favor, for the tortuous conversion of personal property.” In this case the assignment was a general assignment made for the benefit of creditors, and was not made uutil some three months after the property had been seized in attachment. Two of the judges dissented, but not on any ground which is inconsistent with the principles for which we contend. The dissenting judge said : “ A cause of action arising from a tortuous act will sometimes pass to the assignee of an insolvent, or to the assignee in bankruptcy. In those cases, there can be no objection on the ground of champerty and maintenance; and the criterion is whether the action is to recover damages for an injury to the property of the insolvent or bankrupt, or for a wrong personal to him. A solatium for an injury done to the person,, or personal feelings of the debtor can not be assigned. But if the substantial cause of action arises from an act that diminishes or impairs his property, it passes to the assignees.”
Defendant's counsel claim that the plaintiff can not recover because the assignor, not having assigned his right of action on the bond, would have a right to sue on the bond, and that a recovery by the plaintiff in this case could not be pleaded in bar. We do not think this is so.
In Doll v. Cooper, 9 Tenn. 576, a case where the right to sue on an attachment bond passed, under a statute of the United States, to the assignee in bankruptcy, the court heldr “ The bankrupt's right of action for the wrongful suing out of an attachment passes to the assignee in bankruptcy in so far as-the action seeks compensation for injuring, detaining, or converting the property attached. But it remains with the bankrupt in so far as the action seeks to recover compensation for injury to the bankrupt’s business, reputation and credit, and vindictive damages for malicious suing out, or abusive use of the attachment. But though the bankrupt and assignee may maintain separate actions and recover, the assignee for the injury to the property, and the bankrupt for personal tort, yet the aggregate recoveries can not exceed the amount of the penalty where the action is on the attachment bond.”
C. P. L. Butler, for plaintiff in error.
Powell, Ricketts & Black, for defendant in error.
That the assignee may maintain the suit in his own name, we think is expressly provided by statute.
Section 4993 provides that “ An action most be prosecuted in the name of .the real party in interest except as provided in sections forty-nine hundred and ninety-four, etc.”
Section 4994. “ The rule prescribed in the preceding section may be so applied, when a person forfeits his bond,- or renders his sureties liable, that any person injured thereby, oi who is by law entitled to the benefit of the security, may bring an action thereon in his own name, against the person, and his sureties, to recover the amount to which he is entitled .by reason of the delinquency, etc.”
The court of common pleas therefore erred, in sustaining the demurrer. The judgment will be reversed, the demurrer overruled, and the cause remanded for further proceedings.